**SAO**
BRICE J. CRAFTON, ESQ.
Nevada Bar No. 10558
COLTON J. WILSTEAD, ESQ.
Nevada Bar No. 19024
**DEAVER | CRAFTON**
810 E. Charleston Blvd.
Las Vegas, NV 89104
Brice@deavercrafton.com
Cole@deavercrafton.com
Tel. (702) 385-5969
Fax. (702) 385-6939
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CRISTINA MANCILLAS, individually, | Case No. 2:25-cv-02196-JAD-MDC |
| Plaintiff, | |
| vs. | **JOINT STIPULATION AND ORDER TO EXTEND CASE MANAGEMENT DEADLINES** |
| WALMART INC.; a Foreign Corporation; DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive; | **(SECOND REQUEST)** |
| Defendants. | |

COMES NOW, Plaintiff CRISTINA MANCILLAS, by and through their counsel of record, Brice J. Crafton, Esq. and Colton J. Wilstead, Esq., of DEAVER | CRAFTON, and Defendant, WALMART, INC, by and through their counsel of record Rachel L. Shelstad, Esq., and Laina T. Leavitt, Esq. of QUINTAIROS, PRIETO, WOOD & BOYER, P.A., as to the extension of all pending deadlines for ninety (90) days in this matter to allow for necessary discovery. The Parties met and conferred in good faith pursuant to LR IA 1-3(f) and agreed to the following continuance of deadlines in this matter in lieu of a Joint Motion to Extend Discovery Deadlines.

…

…

…

I.    **DISCOVERY COMPLETED TO DATE**

The Parties have participated in the following discovery to date:

1.  The Parties met and conferred and timely filed a Joint Status Report Regarding Removed Action including the date certain indicated for their FRCP 26(a)(1) Conference;

2.  The Parties appeared for their FRCP 26(a)(1) Conference and timely exchanged disclosure statements thereafter;

3.   Plaintiff's FRCP 26(a)(1) Initial Disclosure of Witnesses and Exhibits;

4.   Plaintiff propounded written discovery;

5.  Defendant NRCP 16.1 (a)(3) Initial Disclosure of Witnesses and Exhibits;

6.  Plaintiff served their SECOND Supplemental FRCP 26(a)(1) Initial Disclosure of Witnesses and Exhibits;

7.  Plaintiff served their Second Supplemental FRCP 26(a)(1) Initial Disclosure of Witnesses and Exhibits;

8.  Defendant responded to Plaintiff's request for written discovery;

9.  Defendant propounded written discovery;

10. Plaintiff served their Third Supplemental FRCP 26(a)(1) Initial Disclosure of Witnesses and Exhibits.

11. Plaintiff served their Fourth Supplemental FRCP 26(a)(1) Initial Disclosure of Witnesses and Exhibits.

12. Defendant served their First Supplemental FRCP 26(a)(1) Initial Disclosure of Witnesses and Exhibits.

13. Plaintiff responded to Defendant's request for written discovery

II.    **DISCOVERY REMAINING TO BE COMPLETED**

The Parties plan to complete the following discovery:

1.  Designation of expert witnesses, initial disclosures, and rebuttal disclosures;

DEAVER | CRAFTON
ATTORNEYS AT LAW

2.  Deposition of Plaintiff;

3.  Deposition of Defendant's 30(b)(6) representative;

4.  Depositions of percipient witnesses;

5.  Depositions of the Plaintiff's treating physicians and/or retained experts;

6.  Depositions of the Defendant's retained experts;

7.  Depositions of the Plaintiff's retained experts;

8.  Supplemental FRCP 26 disclosures;

9.  Additional written discovery and/or subpoena duces tecum of records from necessary providers;

10. Any additional discovery that is necessary as the Parties proceed through discovery.

### III.    WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties aver, pursuant to Local Rule 26-3, that good cause exists for the following requested extension. This Request for an extension of time is not sought for any improper purpose or other purpose of delay. Rather, the parties seek this extension solely for the purpose of allowing sufficient time to conduct discovery.

The parties have been diligent in moving the case forward: participating in a reasonable amount of discovery, including exchanging their initial lists of witnesses and documents and propounding written discovery requests and preparing responses thereto.

Expert witnesses' reports: Expert witness reports are currently due on July 20, 2026; given the information listed herein, the Parties agree that the remaining time between now and July 20, 2026, is inadequate to designate experts, obtain expert opinions, and receive reports. Time is needed to arrange an IME and there are conflicts with schedules during the summer months. An expert for the Plaintiff will also be on paternity leave. A site inspection has been requested, and it will be difficult for this expert to travel due to his paternity leave.

Expert witnesses' depositions: Expert witness depositions are expected to be completed after the disclosure of expert witnesses pursuant to this Court's order. The Parties will likely retain multiple expert witnesses. It will take additional time to coordinate, prepare for, and take the depositions.

Possible supplemental discovery: More supplemental discovery may be required depending on the Plaintiff's deposition testimony. Plaintiff's deposition had to be postponed due to an unexpected clerical error by the Plaintiff. This may also include the identification and deposition of fact witnesses. Fact witness depositions are required for expert consideration. Moreover, the extension will allow the parties to do any necessary follow up discovery after responses to initial rounds of written discovery are served, deposing later-identified witnesses and experts, and obtaining any additional medical records.

### IV.    GOOD CAUSE EXISTS FOR A DISCOVERY EXTENSION

The parties have been diligently conducting discovery in this matter, as evidenced by the prompt exchange of written discovery and the cooperation with respect to written discovery.

The primary reason for seeking this extension is the difficulty in obtaining expert opinions and reports by the July 20th deadline. Seeking such an extension at this time is necessary and prudent, in order to ensure that such a request is made in advance of the deadline.

- Parties must complete their analysis of the incident.

- Parties must complete depositions.

- Defendant must still obtain copies of medical records.

The Parties have been diligently working to accomplish these tasks, all of which are necessary before an expert witness could obtain an opinion on the issues in the case, let alone prepare a report meeting the requirements of Rule 26(a)(2)(B).

In light of the above, the Parties have agreed to extend the current discovery deadlines approximately 90 days. This additional time will permit the Parties to accomplish the above tasks in sufficient time for experts to prepare the necessary opinions and reports, as well as potentially resolve this matter without additional litigation and court involvement. All Parties are in agreement with the proposed extension. As such, neither party is prejudiced by the additional time necessary for the time to prepare

DEAVER | CRAFTON
ATTORNEYS AT LAW

expert witness disclosures. Counsel for the parties have been diligently working together to prepare this stipulation and obtain an extension of the current discovery and litigation deadlines.

All of the aforementioned circumstances constitute good cause to extend the remaining discovery deadlines, and the parties jointly in good faith request this Court enter an Order extending the discovery deadlines in accordance with their stipulation.

## V.    PROPOSED DISCOVERY PLAN

A. Summary of Proposed Changes

The parties hereby stipulate to continue the discovery deadlines and dispositive motion approximately ninety (90) days, which the parties estimate to be necessary for the discovery listed above.

|  | Current Dates | Proposed Dates |
|---|---|---|
| Close of Discovery | 09/18/2026 | 12/17/2026 |
| Final date to file motions to amend pleadings or add parties | 06/22/2026 | 09/21/2026 |
| Final dates for Initial expert disclosures | 07/20/2026 | 10/19/2026 |
| Final dates for Rebuttal expert disclosures | 08/20/2026 | 11/18/2026 |
| Final date to file dispositive motions | 10/19/2026 | 01/18/2027 |

B. Discovery Cut-Off Date: Thursday, December 17, 2026.

C. Dispositive Motions: Dispositive motions may be filed no later than January 18, 2027, which is thirty-one (31) days from the discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this Stipulation and Order to Extend Discovery Deadlines and Scheduling Order (Second Request), the date for filing dispositive motions shall likewise be extended, to be no later than thirty-one (31) days from the subsequent discovery cut-off date.

…

…

…

…

D. Pretrial Order: The pretrial order shall be filed by February 17, 2027, or thirty (30) days after resolution of dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or until further order of the Court.

DATED this 20ᵗʰ day of May, 2026.

**DEAVER | CRAFTON**

/s/ Brice J. Crafton, Esq.

_____
BRICE J. CRAFTON, ESQ.
Nevada Bar No. 10558
COLTON J. WILSTEAD, ESQ.
Nevada Bar No. 19024
810 E. Charleston Blvd.
Las Vegas, NV 89104
*Attorneys for Plaintiff*

DATED this 20ᵗʰ day of May, 2026.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

/s/ Laina T. Leavitt, Esq.

_____
RACHEL L. SHELSTAD, ESQ.
Nevada Bar No. 13399
LAINA T. LEAVITT, ESQ.
Nevada Bar No. 12295
2370 Corporate Circe, Suite 190
Henderson, Nevada
*Attorneys for Defendant*
*Walmart, INC.*

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED:  May 21, 2026

PAGE 6 OF 6